**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAWLE BEATON, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON NEW YORK INC.,<br><br>　　　　　　　　　Defendant. | Case No. 1:20-cv-00672-BMC |

**STIPULATED PROTECTIVE ORDER**

　　　　As set forth below, Plaintiff Rawle Beaton and Defendant Verizon New York Inc. (each individually a "Party" and together the "Parties") stipulate to the entry of an agreed protective order.

　　　　1.　　　The Parties represent that certain discovery materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other testimony, may contain confidential non-public information of a personal, financial, and/or commercial nature that may constitute a trade secret or proprietary information or that otherwise qualifies for protection under Rule 26 of the Federal Rules of Civil Procedure ("Rule 26").  The Parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate confidentiality concerns.

　　　　2.　　　Upon entry of an Order by this Court, this Protective Order shall govern in these proceedings the production and disclosure of all information designated as "CONFIDENTIAL."

　　　　3.　　　For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil

1

Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of formal or informal discovery in this action, as well as compilations or excerpts of such materials. Discovery Materials shall also include documents produced, in response to subpoenas or otherwise, by persons or companies who are not parties to this lawsuit. Third parties may designate information produced in this action as "CONFIDENTIAL" under this Protective Order. Documents, materials or information that are obtained independently from the discovery proceedings in this action may be designated as "CONFIDENTIAL" and shall be treated as such in accordance with this Order. However, nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, materials or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action. Similarly, nothing herein shall prevent a party from seeking protection under Rule 26 or otherwise for documents, material or information obtained by another party or witness independently of the discovery proceedings in this action.

4.     This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any third party or Party with respect to Discovery Materials.

5.     Each Party shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any third party or other Party designates as "CONFIDENTIAL" except as provided in Paragraphs 11 and 13 below.

6.     Any Party or third party may designate any Discovery Materials as "CONFIDENTIAL" that (1) reflect the Producing Party's or the producing third party's trade secrets or confidential business, operations, processes, and technical and competitive information

within the scope of Rule 26(c)(l)(G), the disclosure of which is likely to harm that Party's or that third party's competitive position, or (2) reflect personal, pay, or employment information regarding a current or former employee or person that the Producing Party or producing third party treats as confidential, or (3) otherwise qualify for protection under Rule 26.

    7.    The Parties will make their best efforts to limit the number of documents designated "CONFIDENTIAL" consistent with Rule 26 and so as not to unreasonably impede or burden the discovery process or the process of filing briefs and exhibits with the Court, and so as not to unduly impede transparency of public adjudication in the federal courts.

    8.    Except as provided in Paragraphs 11 and 13, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

    a.    Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending the claims and defenses of the Parties in this action, and for no other purposes and no other client, including but not limited to any unions, that may be represented by any counsel for Plaintiffs;

    b.    "CONFIDENTIAL" designated Discovery Materials shall only be disseminated or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings or attorneys and legal personnel working for Defendant with respect to this litigation and in-house attorneys at Defendant (together, "Litigation Counsel") and supporting personnel employed by or contracted by Litigation Counsel, such as attorneys, paralegals, contract attorneys and paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services personnel who are working on this litigation under the direction of

Litigation Counsel and to whom it is necessary that the Confidential Discovery Materials be disclosed for purposes of supervising, managing or participating in this litigation; (2) a Party, including its officers and employees, whose access to the information is reasonably required to supervise, manage or participate in this litigation; (3) any class or collective members and putative class or collective members to whom it is necessary that the Confidential Discovery Materials be disclosed for purposes of fact investigation in this litigation, and provided that they may be shown such Discovery Materials but shall not be permitted to keep copies of them, and further provided that they may not be shown "CONFIDENTIAL" information pertaining to other employees); (4) stenographers and videographers recording testimony concerning the information; (5) the Court and personnel assisting the Court; (6) experts and consultants and their staff, in accordance with the terms specified below in Paragraph 8(d); (7) deponents during the course of their depositions, provided that they shall not be permitted to keep copies of said CONFIDENTIAL information; and (8) other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure. Any person to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order. There shall be no other permissible dissemination of "CONFIDENTIAL" Discovery Materials.

      c.      No copies or extracts of any document designated "CONFIDENTIAL" shall be made except by or on behalf of Litigation Counsel or by the Court and personnel assisting the Court; and such copies or extracts shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

      d.      Counsel of Record may allow access to Discovery Material designated "CONFIDENTIAL" to their experts and consultants who are consulted in connection with this proceeding and whose access is reasonably required in connection with this proceeding, provided that any such expert or consultant who is to receive such material (1) shall be provided with a copy of this Protective Order and (2) shall execute an undertaking in the form annexed hereto as Exhibit A, before any such material is disclosed to them.  Experts and consultants shall be specifically advised that the portion of their written work product that contains or discloses the substance of Discovery Material designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order.  Counsel of Record disclosing such material to experts and consultants shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings.

      e.      During depositions, Counsel of Record may show and question any witness about any Discovery Material designated "CONFIDENTIAL."  However, where the witness or deponent testifies about such designated Discovery Material, the Party who marked the material "CONFIDENTIAL" may instruct the Court Reporter to mark such testimony as "CONFIDENTIAL."  Any "CONFIDENTIAL" document so referred to may be marked as an exhibit.  Portions of deposition transcripts designated "CONFIDENTIAL" including both testimony and exhibits consisting of "CONFIDENTIAL" documents, shall be so marked and shall be subject to the protections in this order, except as otherwise stipulated by the Parties or Ordered by the Court.

    f. Without written permission from the Producing Party or a court ordered secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any Confidential Information.  However, this Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file Confidential Information in connection with a motion, brief, or other submission must comply with applicable local rules.

    g. The Producing Party shall not be bound by its own designation of Discovery Materials or the Information therein as "CONFIDENTIAL" but if it intentionally ceases to treat any designated Discovery Materials or information therein as protected for purposes of this litigation, including by filing such information with the Court publicly and not under seal, then the Receiving Party can challenge pursuant to Paragraph 13 the Producing Party's designation of such Discovery Materials or information therein as "CONFIDENTIAL."

  9. In the event that a Party makes documents available for inspection, rather than delivering copies to another Party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL."  Thereafter, upon the inspecting Party's selection of documents for copying, the Party or third party producing the documents may mark the copies "CONFIDENTIAL" pursuant to Paragraph 6 above.

  10. At the request of any designating Party or third party, made in writing following the deposition or on the record during the course of or at the conclusion of a deposition, the deposition testimony and all copies of any transcript of the deposition shall initially be considered, as a whole, to constitute "CONFIDENTIAL" information (whichever is specified in

the request) subject to the Protective Order, and the initial copies of such deposition transcripts shall be designated accordingly on the first page as "CONFIDENTIAL" through the date ten (10) business days after the receipt of the deposition transcript. Thereafter, the designating Party or designating third party shall have ten (10) business days after receipt of the deposition transcript to designate in writing to the other parties and the court reporter, those portions of the testimony in the transcript that the designating Party claims constitute "CONFIDENTIAL" information. If, at the expiration of the ten (10) business day period, the designating Party fails to provide written notice of its intent to designate the information as "CONFIDENTIAL" then the "CONFIDENTIAL" designation of the deposition transcript shall be deemed waived.

11. Should one or more Counsel of Record wish to disclose any "CONFIDENTIAL" Discovery Materials produced by another Party or third party to a person not authorized by this Protective Order to review such "CONFIDENTIAL" Discovery Materials, said counsel shall first provide Counsel of Record for the Producing Party or counsel for the producing third party with a clear, complete and concise statement of the reason for the proposed disclosure by written notice at least ten (10) business days prior to the proposed disclosure. In the written notice, the requesting Counsel of Record shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; and (d) any previous or current relationship (personal or professional) with any of the Parties. If Counsel of Record for the Producing Party or the counsel for the producing third party objects in writing to the disclosure within said ten (10) business day period, then the Party requesting consent shall not proceed with the proposed disclosure. The Parties (and where applicable, producing third party) will then engage in good faith efforts to resolve the dispute informally; however, if they cannot do so, the Party who desires to disclose the information, shall have ten (10) business days from the written notice from

the objecting Party or objecting third party made pursuant to this Paragraph 11 or the date the Parties agree that the dispute cannot be resolved informally, whichever is later, to file a motion asking the Court to resolve the issue. Prior to the determination of such motion, the "CONFIDENTIAL" information shall not be disclosed to the unauthorized person. If such motion is granted in favor of the moving Party seeking to disclose the information and five (5) days have passed after entry of an order granting the motion, then the moving Party may disclose the information. If the motion is not filed within this time, unless extended, in writing, by mutual agreement of the Parties (and where applicable, producing third party), then the Party cannot disclose the information to the unauthorized person, absent the Court's approval.

12. The disclosure of any Discovery Materials pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary.

13. If any dispute arises concerning whether information designated as "CONFIDENTIAL" should in fact be considered as "CONFIDENTIAL" information for purposes of this Protective Order, the Party who objects to the designation of the information as "CONFIDENTIAL" shall give written notice of the objection and shall cite this provision in such notice. The Parties (and where applicable a producing third party) will then engage in good faith efforts to resolve the dispute informally. If the Parties (and where applicable a producing third party) cannot resolve the dispute informally within ten (10) business days of the designating Party's receipt of the aforementioned written notice, the designating Party shall have fifteen (15) business days from the written notice of objection made pursuant to this Paragraph 13 to file a motion asking the Court for an order that the information or documents so designated are entitled

to such status and protection.  Nothing herein alters the burdens of proof applicable to such disputes under governing law.  Prior to the determination of such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL." A Party's failure to contest a designation of information as "CONFIDENTIAL" is not an admission that the information was properly designated as such.

   14. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within 60 days thereof:

    a. Unless otherwise agreed, counsel for each Party shall (i) destroy all Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies, extracts and summaries thereof, or (ii) return such Discovery Materials to counsel for the designating Party or designating third party.  If the Party destroys such Discovery Materials instead of returning them to the Producing Party or third party, it must, at the Producing Party's request, submit a declaration stating that it has destroyed the materials.

    b. Consistent with the applicable Local Rules and Operating Procedures of the Court, a designating Party or designating third party may request that the Clerk of the Court destroy all documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order or return such materials to the filing Party or third party.  As to those documents or things containing such information that cannot be so destroyed or returned, they shall be kept under seal and shall not be examined by any person without a Court order, after due notice to Counsel of Record, or the written stipulation of each Counsel of Record.

   15. Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of its terms preclude a Party or third party from seeking and obtaining, upon an

appropriate showing, additional protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary or confidential documents, information or any other discovery material or trade secrets, including, but not limited to, restrictions on disclosure.

      16.     Pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, the Parties hereby stipulate to the following treatment of any privileged or work product materials inadvertently disclosed in this action.  The Parties agree that disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter.  The Parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind.  If any such material is inadvertently produced, the Receiving Party agrees that their counsel shall notify the Producing Party or third party's counsel and that, upon request from the Producing Party or third party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document provided. However, the Party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine.  The Parties acknowledge and stipulate that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged material or material protected by the work-product doctrine is deemed inadvertent and does not amount to a waiver.

17. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any Party.

18. Nothing in this Protective Order affects the admissibility of any documents, testimony, or other evidence at trial.

19. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsels of Record or pursuant to a Court order. Insofar as they restrict the communication, treatment, and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

Respectfully Submitted By:

*/s/ C.K. Lee*
LEE LITIGATION GROUP, PLLC

C.K. Lee, Esq.
148 West 24th Street, 8th Floor
New York, New York 10011
Tel. (212) 465-1188
Fax (212) 465-1181

*Attorneys for Plaintiff*

*/s/ Tonya B. Braun*
JONES DAY

Tonya B. Braun (admitted *pro hac vice*) 325
Jon H. McConnell Boulevard, Suite 600
Columbus, Ohio 43215
Tel. (614) 281-3834
Fax (613) 461-4198
tbraun@jonesday.com

Wendy C. Butler
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax (212) 755-7306
wbutler@jonesday.com

*Attorneys for Defendant*

## **ORDER**

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated:  October ___, 2020  	_____
	United States District Court Judge

## **EXHIBIT A**

**AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

      The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order entered into on behalf of the parties to *Beaton v. Verizon New York, Inc.,* Case No. 1:20-cv-00672-BMC filed in the United States District Court for the Eastern District of New York, that he or she understands the provisions prohibiting the disclosure of Confidential Information for any purpose or in any manner not connected with the prosecution or defense of this action, and that he or she agrees to be bound by all provisions of that order.

Dated: _____     _____

                                                      Name:

                                                      Address: