# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAWLE BEATON, *on behalf of himself and all others similarly situated,*<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON NEW YORK INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-00672-BMC |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Verizon New York Inc. ("Verizon New York" or "Defendant") hereby submits its objections and responses to Plaintiff's First Set of Interrogatories ( "Interrogatories").

## PRELIMINARY STATEMENT

Verizon New York has undertaken a reasonable effort to provide the information sought through these Interrogatories to the extent the requested information is not subject to objection, but notes that discovery is ongoing and additional information may be obtained that may alter these responses. The following responses and objections are based upon information that is being collected and reviewed to date for the purpose of responding to these Interrogatories. Accordingly, all of the following responses are given without prejudice to, and with the express reservation of, Defendant's right to supplement or modify its responses and objections to address additional information, and to rely upon any and all such information and documents at trial or otherwise. Likewise, Defendant shall not be prejudiced if any of its present responses and objections are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

1

By responding to these Requests, Verizon New York does not waive any objections that it may have to the use at any hearings or at trial, or admission into evidence, of these responses, or any documents and things produced in response to these Requests, on any applicable grounds.

## GENERAL OBJECTIONS

1.      Defendant's specific objections to each interrogatory are in addition to the general objections set forth in this section.  The general objections form a part of the response to each and every interrogatory and are set forth here to avoid duplication.  The absence of a reference to a general objection in each response to a particular interrogatory does not constitute a waiver of any general objection with respect to that interrogatory.  All responses are made subject to and without waiver of Defendant's general and specific objections.

2.      Defendant objects to Plaintiff's instructions, definitions, and interrogatories to the extent that they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure and/or the Local Rules of Practice for the United States District Court for the Eastern District of New York.

3.      Defendant objects to Plaintiff's definition of the term "Covered Employees" to the extent it purports to seek information relating to individuals other than Plaintiff at this point in the litigation on the grounds that it is (a) beyond the Court's September 30, 2020 Decision and Order conditionally certifying a class of Escorts who worked out of the garage at 70 Central Avenue, Brooklyn, New York ("Central Avenue Garage") in the three years preceding the Decision and Order; and (b) premature until the scope of opt-in discovery (if any) is established following the close of the opt-in period on November 6, 2020.  Verizon New York reserves the right to amend and/or supplement its responses and objections to these Interrogatories (as needed) within a reasonable period of time after the close of the opt-in period.

4.      Defendant objects to Plaintiff's definition of the term "Relevant Period" as beyond the relevant time period in this matter established by the Court's September 30, 2020 Decision and Order.  Unless otherwise stated, consistent with the Decision and Order, Defendant will not produce any information or documents prior to September 30, 2017.

5.      Defendant objects to Plaintiff's Interrogatories as premature, overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent that they seek discovery beyond Plaintiff's individual claims and/or the scope of opt-in plaintiff discovery (if any) as agreed to by the parties (or ordered by the Court) after the close of the opt-in period on November 6, 2020.

6.      Defendant objects to Plaintiff's Interrogatories as premature at this stage in the litigation because the Court has not ruled on any motion by Plaintiff for class certification pursuant to Federal Rule of Civil Procedure 23.

7.      Defendant objects to Plaintiff's Interrogatories to the extent that they seek information that is not within Defendant's possession, custody, or control.  Defendant cannot produce information in the possession, custody, or control of any third party.

8.      Defendant objects to each and every interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, privacy rights, or any other privilege recognized by law.

9.      Defendant objects to Plaintiff's Interrogatories to the extent that they seek commercially sensitive, confidential, and/or proprietary information.  Defendant will produce such information pursuant to the terms of a protective order agreed upon by the parties and entered by the Court.

10. Defendant objects to Plaintiff's Interrogatories to the extent that they seek information that is overly broad, and unduly burdensome, and/or seek discovery that is not relevant to any party's claims or defenses, nor proportional to the needs of the case.

11. Defendant objects to Plaintiff's Interrogatories to the extent that they are vague or ambiguous, or both, and, as such, would require Defendant to speculate as to the meaning of Plaintiff's Interrogatories.

12. Defendant objects to producing documents created beyond the date Defendant serves its responses to Plaintiff's Interrogatories.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

(a) List the names, addresses, emails, and telephone numbers (mobile and home) of all former and current technicians and technician escorts, ("Covered Employees") employed by Defendant during the last six (6) years.

(b) List the names, addresses, emails, and telephone numbers (mobile and home) of all former and current Local Managers working at the Sample Locations, employed by Defendant during the last six (6) years. "Sample Locations" shall mean the garages operated by Verizon at the following locations:

70 Central Avenue, Brooklyn, NY 11206

1900 Shore Parkway, Brooklyn, NY 11214

2885 Jerome Avenue, Bronx, NY 10468

511 West 18th Street, New York, NY 10011

179-45th 110th Avenue, Queens, NY 11434

20 Post Road, Albany New York, 12205

4

630 Hicksville Road, Bethpage, NY 11714

**RESPONSE:**   Verizon New York objects to this Interrogatory on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Defendant further objects to this Interrogatory because it is overly broad, unduly burdensome, and seeks sensitive, personal information from its managers that is neither relevant nor proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it encompasses at least two discrete subparts in that it contains subparts (a) and (b), and thus Verizon New York will count each part of this Interrogatory separately for purposes of the limitations on interrogatories applicable to this case.

Subject to and without waiving its general and specific objections, and consistent with the Decision and Order, Defendant will produce a list of all Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order, including their names, home addresses, and personal email (if known).  Further responding, Defendant states that Plaintiff Beaton reported to the following Local Managers while employed as an Escort working at the Central Avenue Garage:  Vasilis Koufos, Ulises Vazquez, Sharon Doran, and Guershon Adolphe.

Defendant will supplement its responses and objections to this Interrogatory (as needed) within 30 days after the close of the opt-in period with the names of the Local Managers to whom an opt-in plaintiff (if any) reported to in the Central Avenue Garage within relevant period as established by the Court's Decision and Order.

**INTERROGATORY NO. 2:**

(a) For the periods of Plaintiff's employment with Defendant, please list and fully detail all information about Plaintiff as set forth in 29 C.F.R. § 516.2(a): (1) the occupation in which Plaintiff was engaged, (2) the time of day and day of week on which the Plaintiff's workweek began, (3) the regular hourly rate of pay for any workweek in which overtime was due, (4) an explanation of the basis of pay showing the monetary amount paid on a per hour, per day, and per week, respectively, (5) the hours worked each workday, and each work week, respectively, (6) the total daily or weekly straight- time earnings or wages due for hours working during the workday or workweek, exclusive of premium overtime compensation, (7) the total premium paid over and above straight-time earnings for overtime hours, (8) the total additions to or deductions from wages paid each pay period, including employee purchase orders or wage assignments, (9) the dates, amounts, and nature of the items that make up the total additions and deductions, (10) the total wages paid each pay period, and (11) the date of payment and the pay period covered by the payment.

(b) Please provide the information listed above under 2(a) for Covered Employees for the past six (6) years.

**RESPONSE:**  Verizon New York objects to this Interrogatory on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York also objects to this Interrogatory on the ground that it encompasses at least two discrete subparts in that it contains subparts (a) and (b), and thus Verizon New York will count each part of this Interrogatory separately for purposes of the limitations on interrogatories applicable to this case.

Subject to and without waiving its general and specific objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendant states that information requested by Interrogatory No. 2(a) is contained in documents that Defendant agreed to produce in response to Request No. 1 of Plaintiff's First Request for Production.  Defendant will supplement its responses and objections to this Interrogatory (as needed), pursuant to Federal Rule of Civil Procedure 33(d) within 30 days after the close of the opt-in period as to the opt-in plaintiffs (if any).

**INTERROGATORY NO. 3:**  Have Defendant, or any of their affiliates, ever been contacted, sued, investigated, reprimanded, fined or penalized in any way by any person, corporation, or government agency with respect to the matters involving allegations of the non-payment of employee wages? If so, please state each and every substantive fact relating thereto, the case number and court, by whom the matter was initiated, when, the involved parties, the reasons for such, your response, and each matter's final outcome. Please identify any and all documents on which you rely in your response.

**RESPONSE:**  Verizon New York objects to this Interrogatory on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Defendant additionally objects to this Interrogatory because the term "contacted" renders it vague and ambiguous and because it would be unduly burdensome to determine whether Defendant had been "contacted" regarding non-payment of wages.  Verizon New York further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent that Plaintiff is seeking documents unrelated to Plaintiff's off-the-clock/unpaid overtime claim.

7

Subject to and without waiving its general and specific objections, and based upon its reasonable review of its internal databases for tracking employee complaints including its Labor Relations Database and its Ethics Hotline, no Escort who has worked in the Central Avenue Garage in the three years preceding the Court's Decision and Order has made a complaint through those complaint mechanisms alleging that they were required to work off-the-clock and denied overtime.  Further responding, Defendant states that other than the instant lawsuit no lawsuit alleging off-the-clock work violations/non-payment of overtime has been filed against Verizon New York in the three years preceding the Decision and Order.

**INTERROGATORY NO. 4:**  In detail, please describe all procedures and methods by which Defendant records the time and/or hours worked by Plaintiff and Covered Employees, who is involved in preparing those time records, time sheets, and what procedures are followed to ensure that the hours worked by Plaintiff and Covered Employees are recorded and paid for accurately, and how Defendant monitors and records how time is spent by employees during breaks, and time which they may have worked pre-shift and post-shift. Please specifically identify all documents relied upon in your response.

**RESPONSE:**  Verizon New York objects to this Interrogatory on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further object to this Interrogatory on the ground that it encompasses at least five discrete subparts in that it seeks the identification of facts regarding (1) procedures and methods of recording time, (2) who is involved, (3) procedures followed to ensure hours worked are recorded, (4) methods for monitoring how time is spent, and also seeks the (5) identification of

documents. Thus, Verizon New York will count each part of this Interrogatory separately for purposes of the limitations on interrogatories applicable to this case.

Subject to and without waiving its general and specific objections, Verizon New York states that Escorts who worked in the Central Avenue Garage in the three years preceding the Court's Decision and Order, manually recorded their own time, including any hours in excess of their scheduled shift, on paper timesheets.  The Local Manager supervising the Escort reviewed the timesheets at the end of the week and signed the time sheet after addressing any suspected discrepancies in hours worked with the Escort.  On a weekly basis, Local Managers provided the timesheets to a Company administrator who input the hours worked into the Company's electronic timekeeping system.  Further responding, pursuant to Federal Rule of Civil Procedure 33(d), see Plaintiff's handwritten timesheets and electronic timekeeping records produced in response to Document Request No. 1.

**INTERROGATORY NO. 5:**  In detail, please describe the procedures and methods by which Defendant assigns technician escorts to accompany technicians for jobs. Please specifically identify all documents relied upon in your response.

**RESPONSE:**  Verizon New York objects to this Interrogatory on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.

Subject to and without waiving its general and specific objections, Verizon New York states that the process for assigning Escorts to accompany a Technician to a job has varied over the three years preceding the Decision and Order by the practice at a given time and by Local Manager.  Generally, Local Managers in the Central Avenue Garage assign Escorts to jobs based

9

on whether a Tech is working in an area where an Escort is needed.  Answering further, in

assigning Escorts, Local Managers may consider preferences of Escorts and Techs in the Central

Avenue Garage, daily availability (attendance), and how long a job takes.

**INTERROGATORY NO. 6:**  In detail, please describe all methods and procedures in which

Plaintiff and Covered Employees are assigned to certain Verizon operated garages. Please

specifically identify all documents relied upon in your response.

**RESPONSE:**  Verizon New York objects to this Interrogatory on the grounds that it is beyond

the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts

who worked out of the Central Avenue garage in the three years preceding the Decision and

Order granting in part Plaintiff's Motion for Conditional Certification.

Subject to and without waiving its general and specific objections, Verizon New York

states that Escorts are hired for a specific opening at a single facility, and that applicants for

Escort positions apply for an opening that is posted for a specific facility.

**INTERROGATORY NO. 7:**  Please state and fully set forth all facts and legal justifications to

support each and every Affirmative Defense set forth in Defendant's Answer. Please specifically

identify all documents relied upon in your response.

**RESPONSE:**  Verizon New York objects to this Interrogatory to the extent that the

Interrogatory attempts to impose a burden of proof on Defendant that is not otherwise imposed

by law.  Defendant also objects to this Interrogatory on the ground that it encompasses at least 24

discrete subparts in that it seeks the identification of facts regarding each of Defendant's 24

affirmative defenses.  Verizon New York will count each part of this Interrogatory separately for

purposes of the limitations on interrogatories applicable to this case.  Defendant further objects

to this Interrogatory on the grounds that it is vague, not reasonably particular in identifying the

information sought, and calls for a legal conclusion.  Defendant additionally objects to this Interrogatory because the demand to "[s]et forth the facts" responsive to the Interrogatory is overly broad and unduly burdensome.  *See Eastwood v. United States*, 2007 WL 9734140, at *3 (E.D. Tenn. Aug. 24, 2007) (denying motion to compel responses to contention interrogatories seeking a narrative answer because they were "broad in the extreme" and "burdensome"); *Stevens v. Dewitt Cty.*, 2013 WL 819372, at *3-5 (C.D. Ill. Mar. 6, 2013) (contention interrogatories were "unduly burdensome to the extent that they would require [plaintiff] to sift through the voluminous materials produced in discovery to cite all facts that support each claim . . .") (citations omitted); *see also IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("[t]o the extent the contention interrogatories ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Farmer v. S'holders of Cardiospectra, Inc. v. Volcano Corp.*, 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013) (requiring a listing of every single fact in support of contentions is unduly burdensome).  Defendant additionally objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine and/or any other legally recognized privilege, immunity or exemption from discovery, or otherwise calls upon Defendant to disclose the mental impressions, conclusions, opinions, or legal theories of Defendant or its attorneys.

Subject to and without waiving its general and specific objections, Verizon New York states that, at all relevant times, the Company paid Escorts, including Plaintiff and the Escorts who worked out of the Central Avenue Garage, for all hours worked and intended to act (and did act) in conformity with, and in reliance on, applicable federal and state laws and regulations.

11

Defendant further refers Plaintiff to the policies produced in response to Plaintiff's Requests for Production and further states that its written timekeeping and payroll policies comply with applicable federal and state law and that the training materials in place further support Defendant's efforts to ensure compliance with federal and state wage and hour laws. Further responding, Defendant states that the Company maintains a strict non-discrimination and non-retaliation policy, which it has adhered to at all times. Defendant has no record of Plaintiff complaining regarding racial discrimination while employed by the Company. Defendant had a legitimate and non-discriminatory basis for terminating Plaintiff's employment as a result of Plaintiff being off-the-job without manager approval. Additionally responding, pursuant to Federal Rule of Civil Procedure 33(d), see documents produced in response to Plaintiff's First Request for Production of Documents.

**INTERROGATORY NO. 8:**

(a) For each Interrogatory response above, identify each person who materially participated in preparing such response and identify all documents referred to or relied upon in responding to such Interrogatory.

(b) Please identify each person who materially participated in preparing Defendant's response to, and identifying documents to be produced for, Plaintiff's First Request for Production of Documents.

**RESPONSE:** Verizon New York states that its responses to Plaintiff's Interrogatories and Request for Production of Documents are based on presently available information gathered through a reasonable fact investigation to date. The details of Defendant's fact investigation are protected against disclosure by the attorney-client privilege and work product doctrine. Defendant therefore objects to this Interrogatory to the extent that it seeks the details of its

privileged investigation and work product.  Verizon New York also objects to this Interrogatory on the grounds that it encompasses at least two discrete subparts in that it contains subparts (a) and (b), and thus Verizon New York will count each part of this Interrogatory separately for purposes of the limitations on interrogatories applicable to this case.

Subject to and without waiving its general and specific objections, to the extent this Interrogatory seeks the identity of persons with knowledge regarding the facts and circumstances surrounding Plaintiff's claims, Defendant refers Plaintiff to the individuals identified in its Rule 26(a)(1) Initial Disclosures and all supplements thereto, and the Interrogatory Verification attached hereto.

**INTERROGATORY NO. 9:**  Please provide the name, title, employment period, compensation rate and weekly work schedules of all Covered Employees that Defendant has employed during the last six years.

**RESPONSE:**  Verizon New York objects to this Interrogatory on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Defendant further objects that the term "weekly work schedules" renders this Interrogatory vague and ambiguous.

Subject to and without waiving its general and specific objections, and pursuant to Federal Rule of Civil Procedure 33(d), Verizon New York states that the information requested by Interrogatory No. 9 is contained within the documents that Defendant has agreed to produce in response to Request No. 2 of Plaintiff's First Request for Production of Documents regarding Plaintiff's name, title as a Verizon New York employee, and compensation rate.  Further responding, Defendant states that Plaintiff was employed from January 23, 2017 to April 5,

2019.  Defendant additionally states that records of "work schedules" are not maintained or posted distinct from time sheets, and therefore Defendant will not produce any "work schedules."  Defendant will supplement its responses and objections to this Interrogatory (as needed) within 30 days after the close of the opt-in period with the name, title, employment period, and compensation rate of each opt-in plaintiff (if any) who reported to the Central Avenue Garage within relevant period as established by the Court's Decision and Order.

**INTERROGATORY NO. 10:**  Please identify the banks where Defendant has accounts.

**RESPONSE:**  Defendant objects to this Interrogatory because it seeks confidential information and because such information has no bearing on Plaintiff's claims in this case.  Verizon New York will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 11:**  Please provide names and contact information of the main contact person of each of the following types of vendors: accountants, banks, payroll services providers, uniform providers, marketing consultants, printers, etc.

**RESPONSE:**  Defendant objects to this Interrogatory because it seeks confidential information and because such information has no bearing on Plaintiff's claims in this case.  Verizon New York will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 12:**  Has Defendant, or any of their affiliates, ever been contacted, sued, investigated, reprimanded, fined or penalized in any way by any person, corporation, or government agency with respect to the matters involving allegations of discrimination? If so, please state each and every substantive fact relating thereto, the case number and court, by whom the matter was initiated, when, the involved parties, the reasons for such, your response, and each matter's final outcome. Please identify any and all documents on which you rely in your response.

**RESPONSE:**  Verizon New York objects to this Interrogatory on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Defendant additionally objects to this Interrogatory because the term "contacted" renders it vague and ambiguous and because it would be unduly burdensome to determine whether Defendant had been "contacted" regarding allegations of discrimination.  Verizon New York further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent that Plaintiff is seeking documents unrelated to Plaintiff's hostile work environment (based upon race) and retaliation claims (based upon the reporting of alleged race discrimination).

Without waiving its general and specific objections, and based upon its reasonable review of its internal databases for tracking employee complaints including its Labor Relations Database and its Ethics Hotline, no Escort who has worked in the Central Avenue Garage in the three years preceding the Court's Decision and Order has made a complaint through those complaint mechanisms regarding hostile work environment (based upon race) and retaliation claims (based upon the reporting of alleged race discrimination).  Further responding, Defendant states that other than the instant Charge of Discrimination and lawsuit by Plaintiff, no Escort working who has worked in the Central Avenue Garage in the three years preceding the Court's Decision and Order has filed a Charge of Discrimination with a government agency or a lawsuit.

**INTERROGATORY NO. 13:**  Describe in detail the circumstances of Plaintiff RAWLE BEATON leaving your employ, including:

(a) The last date on which Plaintiff worked;

15

(b) A detailed description of any communications taking place between Plaintiff and his supervisors with respect to his departure, including what was said, by whom, and when;

(c) Any communications taking place between Plaintiff and his supervisors/managers from the beginning of his employment through the present;

(d) Any communications taking place between Plaintiff and ANTHONY LOBRUTTO from the beginning of his employment through the present.

**RESPONSE:**  Defendant objects to this Interrogatory because the demand to "describe in detail" . . . "any communication" whether between Plaintiff and his supervisors/managers and/or Anthony Lobrutto over the course of Plaintiff's more than two-year employment is overly broad, unduly burdensome, and not proportional to the needs of the case.  Defendant also objects to this Interrogatory as a contention interrogatory.  Defendant further objects to this Interrogatory on the ground that it encompasses at least four discrete subparts.  Thus, Verizon New York will count each part of this Interrogatory separately for purposes of the limitations on interrogatories applicable to this case.

Subject to and without waiving its general and specific objections, Verizon New York States that Plaintiff's last day of employment was April 5, 2019.  Further responding, pursuant to Federal Rule 33(d), Verizon New York refers Plaintiff to documents regarding the investigation into Plaintiff being off the job which led to his termination, and his termination letter, produced in response to Document Request No. 1.  Defendant additionally states that, based upon its reasonable investigation to date, it has not identified any additional written communications between (a) Plaintiff and his Local Manager and/or Area manager regarding his termination or (b) Plaintiff and Anthony Lobrutto regarding his termination.

**INTERROGATORY NO. 14:**  Please identify any employees other than Plaintiff who either left your employ voluntarily or were terminated in the past six (6) years.

**RESPONSE:**  Verizon New York objects to this interrogatory on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.

Subject to and without waiving its general and specific objections, Verizon New York states that the following Escorts (other than Plaintiff) who worked in the Central Avenue Garage terminated employment with the company in the three years preceding the Court's Decision and Order:  Vedia Ferguson, Denzel Leslie, and Rashard Waddell.

**INTERROGATORY NO. 15:**  Please state the approximate date when Defendant became aware of Plaintiff's claim of discrimination, all attempts made by Defendant to investigate Plaintiff's claim of discrimination, the approximate dates of those attempts, and the results of those investigation attempts.

**RESPONSE:**  New York objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving its general and specific objections, Verizon New York states that it became aware of Plaintiff's claim of discrimination on or about February 13, 2020, when it received a copy of the charge Plaintiff filed with the Equal Employment Opportunity Commission.

**INTERROGATORY NO. 16:**  Please state all complaints made about ANTHONY LOBRUTTO, the approximate dates of those complaints, and the results of those investigations of the complaints.

17

**RESPONSE:**  Verizon New objects to this Interrogatory because the term "complaints" renders it vague and ambiguous, and because it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Defendant further objects to this Interrogatory to the extent it seeks information regarding all "complaints" without limitation because Plaintiff's claims in this lawsuit relate only to race discrimination.

Without waiving its general and specific objections, and based upon its reasonable review of its internal databases for tracking employee complaints, no employee who has worked in the Central Avenue Garage in the three years preceding Plaintiff's Complaint has made a complaint about Lobrutto through those complaint mechanisms alleging hostile work environment (based upon race).

**INTERROGATORY NO. 17:**  Please identify any complaints or charges of discrimination which have been made against you or any employee of yours; include the name and address of the complainant, the date of each complaint or charge, the case or docket number, any actions taken with regard to employment policy afterward, and its final disposition (or current status if still pending).

**RESPONSE:**  Verizon New York objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Verizon New York additionally objects to this Interrogatory on the ground that it is substantially duplicative of Interrogatory No. 12.

Subject to and without waiving its general and specific objections, Verizon New York refers Plaintiff to its response to Interrogatory No. 12.

Dated:  October 13, 2020                    Signed as to objections,


                                            */s/ Tonya B. Braun*
                                            JONES DAY

                                            Tonya B. Braun (admitted *pro hac vice*)
                                            325 John H. McConnell Boulevard, Suite 600
                                            Columbus, Ohio 43215
                                            Tel. (614) 281-3834
                                            Fax (614) 461-4198
                                            tbraun@jonesday.com

                                            Wendy C. Butler
                                            250 Vesey Street
                                            New York, New York 10281
                                            Tel. (212) 326-3939
                                            Fax (212) 755-7306
                                            wbutler@jonesday.com

                                            *Attorneys for Defendant*
                                            *Verizon New York, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RAWLE BEATON, *on behalf of himself*
*and all others similarly situated*,

                    Plaintiff,

      v.

VERIZON NEW YORK INC.,

                    Defendant.

Case No. 1:20-cv-00672-BMC

**VERIFICATION OF**
**DEFENDANT'S RESPONSES**
**TO PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES**

I, Susan Williams-Sias, state that I serve as Manager – Human Resources Business Partner for Verizon New York Inc.; that in that capacity, I am an authorized agent of Verizon New York for the purpose of verifying Defendant's Responses to Plaintiff's First Set of Interrogatories; and that those responses are hereby verified in accordance with Federal Rule of Civil Procedure 33. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October _12, 2020.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 13, 2020, the foregoing Defendant Verizon New York

Inc.'s Responses to Plaintiff's First Set of Interrogatories was served to all counsel of record via

email.


Dated:  October 13, 2020
New York, New York

                                  */s/ Tonya B. Braun* _____

                                  Tonya B. Braun