# Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RAWLE BEATON, *on behalf of himself*
*and all others similarly situated*,

Plaintiff,

v.

VERIZON NEW YORK INC.,

Defendant.

Case No. 1:20-cv-00672-BMC

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Verizon New York Inc. ("Verizon New York" or "Defendant") responds and objects as follows to Plaintiff's First Request for Production of Documents ("Requests").

## PRELIMINARY STATEMENT

Verizon New York has undertaken a reasonable effort to provide the information sought through these Requests to the extent the requested information is not subject to objection, but notes that discovery is ongoing and additional information may be obtained that may alter these responses. The following responses and objections are based upon information that is being collected and reviewed to date for the purpose of responding to these Requests. Accordingly, all of the following responses are given without prejudice to, and with the express reservation of, Verizon New York's right to supplement or modify its responses and objections to address additional information, and to rely upon any and all such information and documents at trial or otherwise. Likewise, Verizon New York shall not be prejudiced if any of its present responses and objections are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

1

By responding to these Requests, Verizon New York does not waive any objections that it may have to the use at any hearings or at trial, or admission into evidence, of these responses, or any documents and things produced in response to these Requests, on any applicable grounds.

## NON-WAIVER

The inadvertent production of any information or documents protected by the attorney-client privilege and/or the attorney-work product doctrine shall not constitute a waiver of any such privilege or protection applicable to such information or documents or any related information or documents, and anyone suspecting such an inadvertent production or disclosure by Defendant is requested to bring it to the attention of the undersigned counsel forthwith and immediately return any such document or disclosure.

## GENERAL OBJECTIONS

1.      Defendant's specific objections to each request are in addition to the general objections set forth in this section.  The general objections form a part of the response to each and every request and are set forth here to avoid duplication.  The absence of a reference to a general objection in each response to a particular request does not constitute a waiver of any general objection with respect to that request.  All responses are made subject to and without waiver of Defendant's general and specific objections.

2.      Defendant objects to Plaintiff's instructions, definitions, and requests to the extent that they are unduly burdensome or otherwise purport to impose obligations beyond the Federal Rules of Civil Procedure and/or the Local Rules of Practice for the United States District Court for the Eastern District of New York.

3.      Defendant objects to Plaintiff's definition of the term "Covered Employees" to the extent it purports to seek information relating to individuals other than Plaintiff at this point

2

in the litigation on the grounds that it is (a) beyond the Court's September 30, 2020 Decision and Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order; and (b) premature until the scope of opt-in discovery (if any) is established following the close of the opt-in period on November 6, 2020. Verizon New York reserves the right to amend and/or supplement its responses and objections to these Interrogatories (as needed) within a reasonable period of time after the close of the opt-in period.

4.      Defendant objects to Plaintiff's definition of the term "Relevant Period" as beyond the relevant time period in this matter established by the Court's September 30, 2020 Decision and Order.  Unless otherwise stated, consistent with the Decision and Order, Defendant will not produce any information or documents prior to September 30, 2017.

5.      Defendant objects to Plaintiff's Requests as premature, overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent that they seek discovery beyond Plaintiff's individual claims and/or the scope of opt-in plaintiff discovery as agreed to by the parties (or ordered by the Court) after the close of the opt-in period on November 6, 2020.

6.      Defendant object to Plaintiff's Requests as premature at this stage in the litigation because the Court has not ruled on any motion by Plaintiff for class certification pursuant to Federal Rule of Civil Procedure 23.

7.      Defendant objects to Plaintiff's Requests to the extent that they seek information that is not within Defendant's possession, custody, or control.  Defendant cannot produce information in the possession, custody, or control of any third party.

8.     Defendant objects to each and every request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, privacy rights, or any other privilege recognized by law.

9.     Defendant objects to Plaintiff's Requests to the extent that they seek commercially sensitive, confidential, and/or proprietary information.  Defendant will produce such information pursuant to the terms of a protective order agreed upon by the parties and entered by the Court.

10.     Defendant objects to Plaintiff's Requests to the extent that they seek information that is overly broad, and unduly burdensome, and/or seek discovery that is not relevant to any party's claims or defenses, nor proportional to the needs of the case.

11.     Defendant objects to Plaintiff's Requests to the extent that they are vague or ambiguous, or both, and, as such, would require Defendant to speculate as to the meaning of Plaintiff's Requests.

12.     Defendant objects to producing documents created beyond the date Defendant serves its responses to Plaintiff's Requests.

13.     Defendant objects to Plaintiff's Requests to the extent that they seek electronically stored information ("ESI") that would require retrieval of ESI that is inaccessible and/or unduly burdensome for Defendant to produce due to, among other reasons, the voluminous nature of the data to be retrieved, the cost(s) of production, the amount of hours associated with the search and retrieval of ESI from individual files, and the minimal, if any, relevance or probative value of the ESI to be produced.  Defendant further objects to the extent that Plaintiff's Requests seek the production of ESI in native format.

14.     A statement in these responses that Defendant agrees to produce responsive documents should not be taken to mean that any such documents actually exist, but only that, if they exist and can be located through a reasonable search of documents in Defendant's custody or possession, Defendant agrees to produce them.

15.     Defendant will produce documents consistent with its below responses and objections at a mutually agreed time after the opt-in period has closed and after the Court enters the an agreed-upon protective order.

## REQUESTS FOR PRODUCTION AND RESPONSES

**REQUEST NO. 1:**  All journals, transcripts, diaries, transaction reports, pay stubs, pay checks, wage papers, punch-clock records, time-tracking records, documents, papers, job applications, invoices, emails, memoranda, notes, phone message slips, or any other written <u>or electronically stored material</u>[1] referencing Plaintiff, his wage, salary, spread of hours pay, rate and method of pay, hours worked, job duties, general work policies Plaintiff was to follow, arrival/departure from work, breaks taken, or any matters concerning Plaintiff's employment with the Defendants.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent that Plaintiff is seeking every conceivable document relating to "any matters concerning Plaintiff's employment" with Defendant.  Verizon New York further objects to the extent that this request seeks documents readily obtainable by Plaintiff or otherwise within his possession, custody, or control.  Verizon

---

[1] For the purposes of this document request, electronic materials include all data in work computers, personal computers, PDA, or Blackberries.

New York also objects to this request to the extent it seeks production of documents that are protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving its general and specific objections, and based upon its reasonable search to date, Verizon New York will produce copies of Plaintiff's pay stubs; copies of Plaintiff's time sheets; the wage notice provided to Plaintiff at the time of hiring; Plaintiff's electronic payroll records; Plaintiff's personnel file; copies of disciplinary, investigatory and/or grievance records related to Plaintiff; a copy of the Escort job requisition applicable to Plaintiff during his employment at Verizon New York; a copy of the Collective Bargaining Agreement governing Plaintiff's employment at Verizon New York; a copy of the Code of Conduct applicable to Plaintiff during his employment; a copy of the Work Rules applicable to Plaintiff for each year of his employment; copies of wage and hour, and anti-discrimination trainings relevant to Plaintiff and his Local Managers and Area managers; and any non-privileged written communications relevant to the parties' claims and defenses located in the files of Plaintiff's former managers.

**REQUEST NO. 2:**  (a) All journals, transcripts, diaries, transaction reports, pay stubs, pay checks, wage papers, punch-clock records, time-tracking records, documents, papers, job applications, invoices, emails, memoranda, notes, phone message slips, or any other written or electronically stored material referencing all technicians and technician escorts employed by Defendants at the Sample Locations for the six (6) year period prior to the filing of the Complaint ("Covered Employees"), their wage, salary, spread of hours pay, rate and method of pay, hours worked, general work policies they were to follow, arrival/departure from work, breaks taken, or any matters concerning their employment with the Defendants. "Sample Locations" shall mean the garages operated by Verizon at the following locations:

- 70 Central Avenue, Brooklyn, NY 11206

- 1900 Shore Parkway, Brooklyn, NY 11214

- 2885 Jerome Avenue, Bronx, NY 10468

- 511 West 18th Street, New York, NY 10011

- 179-45th 110th Avenue, Queens, NY 11434

- 20 Post Road, Albany New York, 12205

- 630 Hicksville Road, Bethpage, NY 11714

(b)      All home addresses, telephone numbers (mobile and home), and emails of Covered

Employees.

**<u>RESPONSE:</u>**  Verizon New York objects to this Request on the grounds that it is beyond the

scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who

worked out of the Garage located at 70 Central Avenue, Brooklyn, New York ("Central Avenue

Garage") in the three years preceding the Decision and Order granting in part Plaintiff's Motion

for Conditional Certification.  Verizon New York further objects to this Request on the grounds

that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and

information that are neither relevant nor proportional to the needs of the case to the extent that

Plaintiff is seeking every conceivable document relating to "any matters concerning [a Central

Avenue Garage Escort's] employment" with Defendant.  Verizon New York further objects to

the extent that this request seeks documents readily obtainable by an opt-in plaintiff (if any) or

otherwise within an opt-in plaintiff's possession, custody, or control.  Verizon New York also

objects to this request to the extent it seeks production of documents that are protected by the

attorney-client privilege and/or work product doctrine.

Subject to and without waiving its general and specific objections, Verizon New York will produce home addresses, telephone numbers, and personal email addresses of Escorts employed at the Central Avenue Garage between September 30, 2017 and September 30, 2020 as directed by the Decision and Order.  Further, Verizon New York will produce documents in response to this Request consistent with those above-identified documents regarding Plaintiff for each opt-in plaintiff (if any) on a rolling basis beginning 30 days after the close of the opt-in period.

**REQUEST NO. 3:**  Any and all employee handbooks, employment manuals, memorandum, or other written materials provided to Covered Employees within the past six (6) years which detail job responsibilities, wages, employment policies, or discrimination policies of Defendants.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent that Plaintiff is seeking all conceivable "written materials" provided to Central Avenue Garage Escorts regarding "job responsibilities, wages, employment policies, or discrimination policies."

Subject to and without waiving its general and specific objections, Verizon New York refers Plaintiff to its objections and responses to Request Nos. 1 and 2.

**REQUEST NO. 4:**  Any written or electronically stored documents or records of any kind detailing duties or responsibilities of Covered Employees.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent that Plaintiff is seeking every conceivable document regarding the "duties and responsibilities" of Central Avenue Garage Escorts.

Subject to and without waiving its general and specific objections, Verizon New York refers Plaintiff to its objections and responses to Request Nos. 1 and 2.

**REQUEST NO. 5:**  All written or electronically stored material referencing the methodology of transfers and assignments of Covered Employees to various garages operated by Defendant.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent that Plaintiff is seeking every conceivable document relating to "the transfers and assignments" of Escorts to garages.

Subject to and without waiving its general and specific objections, Verizon New York refers Plaintiff to its objections and responses to Request Nos. 1 and 2, and specifically the Collective Bargaining Agreement produced in response to same.

**REQUEST NO. 6:**  For the past six (6) years, any document(s) referencing settlements made with any person(s) who filed a claim against Defendants which alleged violations of the Fair Labor Standards Act and the New York Labor Law.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case.

Subject to and without waiving its general and specific objections, Verizon New York states that it has not settled any claims alleging violations of the Fair Labor Standards Act or New York Labor Law brought by Escorts who worked out of the Central Avenue Garage within the past three years.

**REQUEST NO. 7:**  For the past six (6) years, all employee or employment manuals provided to Covered Employees.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case.

Subject to and without waiving its general and specific objections, Verizon New York refers Plaintiff to its objections and responses to Request Nos. 1 and 2.

**REQUEST NO. 8:**  For the past six (6) years, all documents listing, referring to or identifying managers, supervisors, assistant managers, assistant supervisors, or union representatives of Covered Employees in New York State.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case.

Subject to and without waiving its general and specific objections, Verizon New York refers Plaintiff to its objections and responses to Request Nos. 1 and 2.  Further responding, Defendant refers Plaintiff to its objections and response to Interrogatory No. 1.

**REQUEST NO. 9:**  For the past six (6) years, all documents, papers, invoices, emails, memoranda, notes, phone message slips, or any other written or electronically stored material referencing Defendant's compliance or non-compliance with the Fair Labor Standards Act the New York Labor Law, Title VII of the Civil Rights Act of 1964, as amended, the New York State Human Rights Law and/or the New York City Human Rights Law.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order

granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent that Plaintiff is seeking every conceivable document relating to Defendant's "compliance or non-compliance" with the FLSA, Title VII, and corresponding state law.

Subject to and without waiving its general and specific objections, Verizon New York refers Plaintiff to its objections and responses to Request Nos. 1 and 2.

**REQUEST NO. 10:**  For the past six (6) years, all documents relating to litigation with all technicians and technician escorts employed by the Defendant.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent that Plaintiff is seeking documents unrelated to Plaintiff unpaid overtime, hostile work environment (based upon race) and retaliation claims.

Subject to and without waiving the foregoing objections, Verizon New York states that, other than the instant litigation initiated by Plaintiff, there has been no litigation involving Escorts currently or formerly employed at the Central Avenue Garage in the past three years.

**REQUEST NO. 11:**  For the past six (6) years, all documents showing names, addresses, home and mobile telephone numbers, and emails of all Local Managers at each Sample Location.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks sensitive, personal information from its managers that is neither relevant nor proportional to the needs of the case.

Subject to and without waiving its general and specific objections, see Defendant's objection and response to Plaintiff's Interrogatory No. 1.

**REQUEST NO. 12:**  For the past six (6) years, all human resource files regarding complaints or investigations relating to Covered Employees, including any files related to EEOC or other government agency charges, union grievances and internal complaints.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent that Plaintiff is seeking any and all "complaints," "investigations," "government agency charges," "union grievances" and internal complaints" of any type without limitation and because Plaintiff's claims in this lawsuit relate only to alleged unpaid overtime, hostile work environment (based upon race), and retaliation for complaining about a hostile work environment (based upon race).

Subject to and without waiving its general and specific objections, Verizon New York states that, based upon its reasonable investigation to date, it has not identified any record within its internal database for tracking employee complaints of any Escort working from the Central Avenue Garage having filed any EEOC charges, charges with any government agency, union grievances, or internal complaints related, hostile work environment (based on race), or failure to pay overtime in the past three years.

**REQUEST NO. 13:**  For the past six (6) years, any other payroll files and/or data, benefits file and/or data, time records or any other work schedules of Plaintiff and Covered Employees not covered by the foregoing.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.

Subject to and without waiving its general and specific objections, Verizon New York refers Plaintiff to its objections and responses to Request Nos. 1 and 2.

**REQUEST NO. 14:**  For the past six (6) years, all documents relating to payments or other transactions between Plaintiff, Covered Employees and Defendants, not covered by the foregoing, including fines, loans and all other payments.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly

burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent it seeks information regarding unspecified "transactions" and fines and loans.

Subject to and without waiving its general and specific objections, Verizon New York refers Plaintiff to its responses and objections to Request Nos. 1 and 2.  Defendant will not produce any additional documents in response to this Request.

**REQUEST NO. 15:**  All corporate documents (including organization charts and shareholder ledgers) and licenses of Defendant VERIZON NEW YORK INC. and their parent or subsidiary companies.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case.

Verizon New York will not produce any documents in response to this Request.

**REQUEST NO. 16:**  All documents notifying Plaintiff and Covered Employees of initial and annual wage and hour notices required under the New York Labor Law.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.

Subject to and without waiving its general and specific objections, Verizon New York refers Plaintiff to its objections and responses to Request Nos. 1 and 2.

**REQUEST NO. 17:**  All loans, leases and credit lines established or entered into by Defendant.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case.

Verizon New York will not produce any documents in response to this request.

**REQUEST NO. 18:**  All leases entered into by Defendant in respect of real property.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case.

Verizon New York will not produce any documents in response to this request.

**REQUEST NO. 19:**  All documents relating to or referencing Defendant's policies, reimbursements, or employee complaints, with respect to wages.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order

granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Verizon New York refers Plaintiff to its objections and responses to Request Nos. 1 and 2.

**REQUEST NO. 20:**  All video surveillance footage of Covered Employees arriving to and leaving from work.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case.

Verizon New York will not produce any documents in response to this request.

**REQUEST NO. 21:**  All vendor contracts entered into by Defendants (including accountants, banks, payroll services provider, uniform providers, marketing consultants, printers, etc.).

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case.

Verizon New York will not produce any documents in response to this request.

**REQUEST NO. 22:**  For the past six (6) years, any document(s) referencing settlements made with any person(s) who filed a claim against Defendants which alleged violations of Title VII of the Civil Rights Act of 1964, as amended, the New York State Human Rights Law and/or the New York City Human Rights Law.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case. because Plaintiff's Title VII and New York State Human Rights Law/New York City Human Rights Law claims in this lawsuit relate only to hostile work environment based upon race and retaliation for complaining about the same.

Subject to and without waiving the foregoing objections, Verizon New York states that it refers Plaintiff to its response to Request No. 12.

**REQUEST NO. 23:**  For the past six (6) years, all training material and/or manuals provided by Defendants for the purposes of providing training to supervisors, human resources representatives, and employees regarding discriminatory practices and disability related accommodations.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further

objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent it seeks "all" training manuals and, specifically those related to disability accommodations, which are not at issue in the instant litigation.

Subject to and without waiving its general and specific objections, Verizon New York will produce Title VII/EEO trainings completed by Plaintiff's managers in within the last three years.

**REQUEST NO. 24:**  For the past six (6) years, all documents relating to performance reviews, and all other human resources related requests, grievances and complaints with respect to Plaintiff and Covered Employees.

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects that the term "human resources related requests" renders this Request vague and ambiguous.  Verizon New York additionally objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case because Plaintiff's claims in this lawsuit relate only to alleged unpaid overtime, hostile work environment based upon race, and retaliation for complaining about a hostile work environment based upon race.

Subject to and without waiving its general and specific objections, Verizon New York states that Escorts do not receive performance reviews because they are temporary employees under the Collective Bargaining agreement and therefore has no responsive "performance

reviews." Further responding, Defendant refers Plaintiff to its objections and responses to Request Nos. 1, 2, and 12.

**REQUEST NO. 25:** For the past six (6) years, any and all documents which support, evidence, relate or otherwise pertain to any and all personnel policies of Defendants, including but not limited to:

(a) employee discipline policies, including but not limited to, counseling, written warnings, suspension, demotion, and termination policies;

(b) discrimination policies; and

(c) internal complaint or grievance procedures.

**RESPONSE:** Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification. Verizon New York further objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case to the extent it seeks all documents that "relate or otherwise pertain" to "any and all personnel policies" of Defendant.

Subject to and without waiving its general and specific objections, Verizon New York refers Plaintiff to its objections and responses to Request Nos. 1 and 2.

**REQUEST NO. 26:** For the past six (6) years, any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's termination.

**RESPONSE:** Verizon New York's refers Plaintiff to its responses and objections to Request No. 1.

**REQUEST NO. 27:**  Any and all documents relating to or evidencing any investigations by Defendant into Plaintiff's racial discrimination claim by Defendant, including but not limited to:

(a)  written statements of witnesses;

(b)  notes of interviews with witnesses;

(c)  tape recordings of any and all oral statements and/or interviews of witnesses;

(d)  transcriptions of any tape recordings of any and all oral statements and/or interview of witnesses;

(e)  reports regarding the results of any and all investigations;

(f)  correspondence received from or sent to Plaintiff;

(g)  correspondence received from or sent to Defendant;

(h)  correspondence received from or sent to any person other than Defendant's counsel;

(i)  documents relating to or evidencing discussions between Plaintiff and Defendant;

(j)  documents relating to or evidencing discussions between Defendant and any person other than Defendant's counsel; and

(k)  documents received from or sent to any person other than Defendant's counsel.

**RESPONSE:**  Verizon New York objects to this Request to the extent it assumes that Plaintiff made a racial discrimination claim prior to filing his Charge of Discrimination with the Equal Employment Opportunity Commission and filing the instant lawsuit.  Based upon its reasonable search to date, Verizon New York states that it is unaware of any non-privileged documents responsive to this request.

**REQUEST NO. 28:**  Any and all documents which support, evidence, relate to, or otherwise reflect any action taken by Defendants in response to Plaintiff's allegations of ANTHONY LOBRUTTO's discriminatory conduct.

**RESPONSE:**   Verizon New York objects to this Request to the extent it assumes that Anthony Lobrutto engaged in discriminatory conduct.  Based upon its reasonable search to date, Verizon New York states it is unaware of any non-privileged documents responsive to this request.

**REQUEST NO. 29:**  (a) The complete personnel file of Plaintiff, including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time.

(b) The complete personnel file of ANTHONY LOBRUTTO, including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of ANTHONY LOBRUTTO's personnel file at any time

**RESPONSE:**

(a) Verizon New York refers Plaintiff to its objections and response to Request No. 1.

(b) Verizon New York objects that this request is overly broad, unduly burdensome, and seeks documents that are neither relevant nor proportional to the needs of the case to the extent it seeks all personnel documents related to Anthony Lobrutto.

Subject to and without waiving its general and specific objections, Verizon New York states that it will produce Anthony Lobrutto's personnel file and any complaints of hostile work environment based upon race made against Anthony Lobrutto or discipline related to same that can be identified based upon its reasonable search of its complaint and discipline-related systems.

**REQUEST NO. 30:**  Any and all documents not included in Plaintiff's personnel file which support, evidence, relate or otherwise pertain to Plaintiff's employment with Defendants, including, but not limited to, documents relating to or reflecting job performance, awards to Plaintiff, or discipline of Plaintiff.

**RESPONSE:**  Verizon New York refers Plaintiff to its objections and responses to Request No. 1.

**REQUEST NO. 31:**  Copies of all emails and text messages, in original meta data format, with custodians to be each human resource personnel for the Relevant Period, the Local Manager at each Sample Location for the Relevant Period, and witnesses listed by Defendants in their Initial Disclosures (including Guershon Adolphe, Ulises Velazquz and Chanele Boyd), with the following search terms:

(after w/5 shift) (before w/5 shift)

(Beaton)

(clean)

(clock w/20 in)

(clock w/20 out)

(compensat*)

(discrim*)

("Fair Labor Standards Act")

(FLSA)

(Lobrutto)

("New York Labor Law")

(NYLL)

("New York State Human Rights Law")

("NYSHRL")

("New York City Human Rights Law")

("NYCHRL")

(nig*)

("not paid")

("not pay")

(notice)

(pre w/5 shift)

(post w/5 shift)

(punch)

(overtime)

(OT)

(rac*)

(Rawle)

(retain)

(round*)

(schedul*)

(shav*)

(spread)

(split w/20 shift)

(sweep*)

(time w/20 card)

(time w/20 sheet)

(terminat*)

(unpaid)

(wage*)

(wash*)

(work w/5 early)

(white)

**RESPONSE:**  Verizon New York objects to this Request on the grounds that it is beyond the scope of the Court's September 30, 2020 Order conditionally certifying a class of Escorts who worked out of the Central Avenue Garage in the three years preceding the Decision and Order granting in part Plaintiff's Motion for Conditional Certification.  Verizon New York further objects to this Request on the grounds that it overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Verizon New York refers Plaintiff to its objections and responses to Request No. 1.

Dated:  October 13, 2020

Respectfully submitted,


/s/ Tonya B. Braun
_____
JONES DAY

Tonya B. Braun (admitted *pro hac vice*)
325 John H. McConnell Boulevard, Suite 600
Columbus, Ohio 43215
Tel. (614) 281-3834
Fax (614) 461-4198
tbraun@jonesday.com

Wendy C. Butler
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax (212) 755-7306
wbutler@jonesday.com

*Attorneys for Defendant*
*Verizon New York, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 13, 2020, the foregoing Defendant Verizon New York Inc.'s Responses to Plaintiff's First Request for Production of Documents was served to all counsel of record via email.

Dated:  October 13, 2020
New York, New York

*/s/ Tonya B. Braun*
Tonya B. Braun