```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
RAWLE BEATON, on behalf of himself and                      :
others similarly situated,                                  :
                                                            :
                                                            :   MEMORANDUM
                            Plaintiff,                      :   DECISION AND ORDER
                                                            :
        -against-                                           :   20-CV-672 (BMC)
                                                            :
                                                            :
VERIZON NEW YORK, INC.,                                     :
                                                            :
                            Defendant.                      :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Rawle Beaton has brought this action against his former employer, defendant Verizon New York, Inc. Plaintiff has commenced a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., as well as a class action under the New York Labor Law ("NYLL"), § 650 et seq. Before me is the parties' [34] joint letter motion seeking resolution of certain discovery disputes. Specifically, the parties have failed to resolve:

(1) whether plaintiff's interrogatories and document requests may seek discovery regarding defendant's employees who are potential class members but who cannot at this point opt in to the collective action; and

(2) which search terms for electronically stored information ("ESI") are relevant to plaintiff's claims.

For the following reasons, I resolve both issues in defendant's favor.

## BACKGROUND

Plaintiff worked for defendant as a technician escort, providing security to technicians during their visits to customers' homes and businesses. According to the complaint, defendant

required him to complete various tasks before and after his shift, such as cleaning the sidewalk, washing vans, sweeping the floor, cleaning the bathroom, and organizing tools. Plaintiff alleges that he never received any compensation for the additional hours he worked.

Plaintiff worked out of a garage at 70 Central Avenue in Brooklyn ("the Central Avenue garage"). His filings recited a long list of other garages throughout the State of New York where defendant allegedly employs other technicians and technician escorts. Accordingly, when plaintiff moved for conditional certification of his FLSA claim as a collective action, he sought to represent a collective consisting of "all technicians and technician escorts employed by [d]efendants in New York City for the six-year period prior to the filing of the [c]omplaint."[1]

I granted the motion in part. However, I first concluded that plaintiff had failed to make even the "modest factual showing" that he was "similarly situated" to the broad class of employees that he sought to represent. Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (quotation omitted). First, plaintiff had not established that he was similarly situated to all technicians and technician escorts employed by defendant in New York City. The only evidence in support was plaintiff's own conclusory statements that he "believe[d] that all employees . . . were subject to the same wage and hour policies" and that he "kn[ew] that technicians and technician escorts [who] worked at various locations were not paid for all of the hours worked." Second, plaintiff failed to show that he was similarly situated to the technicians. Although plaintiff had declared that one technician reported "not getting paid for all [his] hours worked," it was not clear how or why that occurred. And I could not infer that defendant applied one policy to technicians – or to all technician escorts throughout New York City – simply because

---

[1] As I noted in the order addressing conditional certification, plaintiff repeatedly refers to "defendants" even though he has named only one defendant, Verizon New York, Inc., in the complaint. I will continue to refer to Verizon New York, Inc., as "defendant."

defendant allegedly applied it to plaintiff.  Therefore, my order on conditional certification limited the collective to the technician escorts at the Central Avenue garage.

About a month after I issued that order, the parties filed a joint letter describing two discovery disputes.  First, the parties dispute whether plaintiff's interrogatories and document requests may seek information regarding the technicians and technician escorts who do not work at the Central Avenue garage – *i.e.*, employees who are potential class members but who cannot at this point opt in to the collective.  Second, the parties dispute which search terms for ESI are relevant to plaintiffs' claims.  I address each dispute in turn.

## DISCUSSION

### I.     The Discovery Standard

The Federal Rules of Civil Procedure allow discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  A court may consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Id.  A court must limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).

### II.    The Interrogatories and Document Requests

At issue are interrogatories numbers 1, 2(b), 3, 4, 6, 9, and 14, along with document request numbers 2, 3, 4, 6, 9, 10, 12, 13, 16, 19, and 22.  Broadly speaking, these discovery requests concern what plaintiff has deemed the "[c]overed [e]mployees," meaning "all former

3

and current technicians and technician escorts . . . employed by [d]efendant during the last six . . . years." Thus, the "covered employees" are the potential class members, a far broader group than the collective that I conditionally certified.

For these employees, plaintiff seeks various kinds of information. First, plaintiff seeks names, addresses, emails, and phone numbers. Plaintiff then asks for pay rates, weekly schedules, wage statements, wage adjustments, and wage deductions. Even further, plaintiff requests that defendant explain how it assigns employees to garages, how it records the time that these employees work, and how it has handled all complaints and investigations.

Plaintiff argues that this discovery is relevant because it will allow the Court to determine whether he has satisfied Rule 23 when he moves for class certification of his NYLL claims. Defendant disagrees. It argues that these requests are overly burdensome and not proportional to the needs of the case. Thus, defendant has refused to respond to the interrogatories and document requests to the extent they concern employees beyond the Central Avenue garage.

The Court declines to compel defendants to provide this information. When a party seeks to certify a class under Rule 23, "a district judge has ample discretion to circumscribe . . . the extent of discovery concerning Rule 23 requirements." In re Initial Pub. Offerings Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006). Of course, "[p]re-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate," so "[t]he discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet [Rule 23's] requirements." Rahman v. Smith & Wollensky Rest. Grp., Inc., No. 06-cv-6198, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007) (quotation omitted). At the same time, however, "the defendant must be protected from discovery which is

overly burdensome, irrelevant, or which invades privileged or confidential areas." Id. (quotation omitted).

Accordingly, courts in this district have proved "very cautious about compelling disclosure of the identities and contact information of putative class members at the pre-certification stage." Charles v. Nationwide Mut. Ins. Co., No. 09-cv-94, 2010 WL 7132173, at *4 (E.D.N.Y. May 27, 2010). These courts have acknowledged that there may be circumstances in which this information is relevant to the issues that arise under Rule 23, such as numerosity, common questions, and adequacy of representation. See id. at *8; see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354 n.20 (1978). But a plaintiff is not automatically entitled to this information. See Charles, 2010 WL 7132173, at *8. And courts have "refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify new clients, rather than to establish the appropriateness of certification." Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc., No. 13-cv-60, 2013 WL 5132023, at *8 n.9 (E.D.N.Y. Sept. 12, 2013) (quoting Dziennik v. Sealift, Inc., No. 05-cv-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006)).

Requests for contact information and records are particularly weak when a plaintiff "has not sought discovery through other means that would support his Rule 23 claim" and has not otherwise "demonstrated that he is entitled to the putative class contact information." Jenkins v. TJX Companies, Inc., No. 10-cv-3753, 2011 WL 1563677, at *2 (E.D.N.Y. Apr. 25, 2011). In Charles v. Nationwide Mutual Insurance Co., No. 09-cv-94, 2010 WL 7132173, at *1 (E.D.N.Y. May 27, 2010), for example, the court applied this principle when a plaintiff brought a class action under the NYLL as well as a collective action under the FLSA. The plaintiff had sought to represent all of the defendant's paralegals, and she filed a motion to compel defendant to

produce their names, contact information, and billing sheets. But the court denied this motion, noting that plaintiff could point to nothing more than "bare allegations" that all the paralegals were "subject to the same pay practice." Id. at *6.

That reasoning applies with equal force here. Although plaintiff maintains that the requested information is relevant, he has not provided any evidence why that is true, beyond the allegations in the complaint and his own declaration. But I addressed many of the deficiencies in this evidence when I ruled on plaintiff's motion for conditional certification. And since then, plaintiff has done nothing to rectify these deficiencies. As in Charles, he has not used other discovery devices to establish that all technicians and technician escorts in New York City are subject to the same practices – *i.e.*, that they, too, completed various tasks before and after their shifts without compensation. See id. Therefore, plaintiff "has not discussed the need for the requested information in light of the discovery already provided by defendant." Id.

Moreover, the requests would be unduly burdensome, given the detailed information that plaintiff requests. Defendant has identified several less burdensome methods of obtaining information relevant to Rule 23. For instance, defendant has provided a Rule 30(b)(6) deponent to testify about defendant's policies regarding wage and hour notices and reporting time. I therefore conclude that "plaintiff must conduct some preliminary discovery before he can demonstrate his entitlement to the information he seeks under Rule 23." Jenkins, 2011 WL 1563677, at *2.

Exercising my broad discretion to determine the extent of discovery concerning Rule 23 requirements, I deny plaintiffs' request that I compel defendants to answer interrogatories numbers 1, 2(b), 3, 4, 6, 9, and 14, as well as document request numbers 2, 3, 4, 6, 9, 10, 12, 13, 16, 19, and 22, as they pertain to employees beyond the Central Avenue garage. At this stage,

the request is premature. Plaintiff may renew this motion at a later stage in the proceedings, if necessary.

### III. The ESI Search Terms

The parties also dispute the appropriate search terms for ESI. A "judge overseeing discovery is granted broad discretion to manage the discovery process, including determinations regarding which search terms a party should apply." Emanuel v. Gap, Inc., No. 19-cv-3617, 2020 WL 5995134, at *3 (S.D.N.Y. Oct. 9, 2020). But "[c]ollection, review, and production of ESI presents special challenges and requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI." Winfield v. City of New York, No. 15-cv-05236, 2017 WL 5664852, at *7 (S.D.N.Y. Nov. 27, 2017) (quoting William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co., 256 F.R.D. 134, 136 (S.D.N.Y. 2009)). Thus, courts "encourage and expect" cooperation among counsel when it comes to crafting search terms. Bagley v. Yale Univ., 307 F.R.D. 59, 63 (D. Conn. 2015).

Here, plaintiff has utterly failed to engage in that cooperation. Plaintiff claims that defendant "refuses to provide ESI for the terms [p]laintiff has suggested." Plaintiff also maintains that defendant "proposed a search for (Rawle) and (Beaton) only, which [p]laintiff has refused." Yet the parties' submissions belie these claims. In document request number 31, plaintiff proposed over 40 search terms for certain emails and text messages. Defendant provided a "hit report" for those terms, which turned up 84,129 hits. In response, plaintiff proposed several deletions and alterations to the terms; defendant stated that those changes brought the number down to 58,821. Then, defendant noted that searches for "Beaton" or "Rawle" turned up 3,451 hits, and defendant invited plaintiff to propose "additional targeted searches." Plaintiff never responded. Having failed to do so, plaintiff cannot expect that a court

7

will step in and address an issue it is ill-suited to resolve.  Therefore, I direct the parties to meet and confer in order to develop appropriate search terms.

## CONCLUSION

The Court resolves the parties' [34] joint letter motion as set forth above.  The Court had cautioned the parties at the initial status conference about the need to avoid petty bickering, and that sanctions would be imposed on the culpable party under Fed. R. Civ. P. 37 if they did not.  This motion is nothing but petty bickering.  Plaintiff's counsel is ordered to show cause within seven days of this order why it should not have to pay defendant's reasonable expenses incurred in opposing the letter motion, including attorneys' fees.

**SO ORDERED.**

                                                                                   U.S.D.J.

Dated: Brooklyn, New York
       November 2, 2020