# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
                   cklee@leelitigation.com

FEBRUARY 19, 2021

<u>VIA ECF</u>

The Honorable Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 10007

        Re:   *Beaton v. Verizon New York Inc.*
              Case No. 20-cv-00672-BMC
              <u>Letter Motion for Settlement Approval</u>

Dear Judge Cogan:

      My firm represents Plaintiff Rawle Beaton ("Plaintiff") in the above-referenced action. Along with counsel for Defendant Verizon New York, we seek approval of this settlement pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015). A copy of the fully executed settlement agreed is annexed hereto as Exhibit A.

      The claims made by Plaintiff are more fully set forth in the Complaint. (*See* Dkt. 1.) In brief, however, Plaintiff has asserted class claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), claims for violations of the wage notice and wage statement requirements of NYLL § 195(1) and NYLL § 195(3), and racial hostile work environment and retaliation claims under Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Plaintiff also sought to recover legal fees and costs. This Letter Motion addresses only the settlement of Plaintiff's FLSA claims.

      In his Complaint, Plaintiff alleged that he, and others purportedly similarly situated, were required to perform work off-the-clock without compensation. Defendant answered by expressly denying liability and denying that Plaintiff was required to perform work without compensation prior to the start of his regularly scheduled shift as alleged, or at any other time. Defendant continues to deny liability and maintains that Plaintiff was properly compensated for all hours worked. On September 30, 2020 this Court conditionally certified a class of individuals in Plaintiff's former job title at his former work location, but the opt-in period closed without any individual filing an opt-in consent form to join the action.

The Honorable Brian M. Cogan, U.S.D.J.
Page 2

Plaintiff's specific allegation was that he was required to perform one hour of off-the-clock without compensation each day during his employment. Discovery – in which the parties responded to written discovery and produced documents, including timesheets, wage statements, wage notices, timekeeping policies, and electronic timekeeping and payroll documents, and Plaintiff's deposition – substantially narrowed the value of Plaintiff's individual wage-hour claims.

Following Plaintiff's deposition, the parties agreed to mediate Plaintiff's claims. The settlement is the result of a mediation conducted by Mediator Martin Scheinman, which involved a comprehensive examination of the parties' positions, points, arguments and information. The parties were able to settle Plaintiff's FLSA claims, as well as his NYLL, Title VII, NYSHRL, and NYCHRL claims which are covered by a separate settlement agreement. A gross amount of $13,500, including attorneys' fees, was allocated to the settlement of the FLSA claims. (*See* Exh. A, ¶ 1-2.) This figure represents a considerable recovery of Plaintiff's maximum plausible actual damages under the FLSA. Attached hereto as Exhibit B are Plaintiff's damage calculations for the alleged unpaid compensation, calculated to be $12,982.13. Considering the claims, defenses and significant risks should this case not settle and proceed, the allocated amounts are fair and reasonable, provide for a significant recovery based on Plaintiff's asserted theories of liability.

Stipulated dismissals settling FLSA claims with prejudice require approval of the district court or the Department of Labor. *Cheeks,* 796 F.3d at 200. To approve such a settlement, courts must determine whether the settlement is a "fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Sagardia v. AD Delivery & Warehousing, Inc.,* No. 15-CV-677 (CBA) (RLM), 2016 WL 4005777, at *1 (E.D.N.Y. July 26, 2016) (citing *Wolkinsky v. Scholastic Inc.,* 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012). In determining whether a settlement is fair and reasonable, courts examine factors such as "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the produce of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Chun Lan Guan v. Long Island Business Institute, Inc.,* No. 15-CV-02215 (CBA) (VMS), 2020 WL 1289517, at *2 (E.D.N.Y. Mar. 18, 2020). Generally, "there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Castillo v. Cranes Express Inc.,* No. 18 CV 1271 (PKC) (LB), 2018 WL 7681356, at *1 (E.D.N.Y. Dec. 12, 2018) (quoting *Lliguichuzhca v. Cinema 60, LLC,* 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013)).

This settlement is fair and reasonable. Defendant has agreed to pay a considerable amount of Plaintiff's estimated wage-hour claims. This estimate was derived by analyzing and comparing timekeeping records, Plaintiff's wage statements, Plaintiff's estimates regarding his alleged unrecorded and uncompensated time, and Plaintiff's testimony during his deposition. The settlement value incorporates this amount, as well as an additional amount as liquidated damages,

The Honorable Brian M. Cogan, U.S.D.J.
Page 3

even though Defendant denies that Plaintiff is entitled to any recovery whatsoever. By settling, the parties will forego the burdens of continued litigation, including their respective burdens establishing or defending against a claim as to which both parties face respective uncertainties. Finally, the terms of the settlement were reached through arm's length negotiations between experienced counsel on both sides at a mediation presided over by an experienced mediator.

Under the settlement, Plaintiff's counsel will be receiving a 1/3 contingency fee ($4,500.00). (Exh. A, ¶ 2.) Plaintiff's counsel's 1/3 contingency fee is "reasonable and consistent with the norms of litigation in this circuit." *Cano v. Nineteen Twenty Four, Inc.,* 15 Civ. 4082 (RER), 2017 WL 11507654, at *6 (E.D.N.Y. Apr. 24, 2017) (collecting numerous cases); *see also Li Ming Yan v. China Gourmet Food, Inc.,* No. 17 CV 1925 (CLP), 2018 WL 3442637, at *1 (E.D.N.Y. July 17, 2018) (approving FLSA settlement that included 1/3 contingency fee); *Calle v. Elite Specialty Coatings Plus, Inc.,* No. 13-CV-6126 (NGG) (VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) (collecting cases and approving 1/3 contingency fee in FLSA settlement, and noting that "[a] one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* No. 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (same). Attached hereto as Exhibit C are Plaintiff's counsel's detailed billing records, showing that Plaintiff's counsel has billed $7,437.5 in fees, for all hours spent on settling Plaintiff's wage and hour claims.

Plaintiff's counsel's fees are fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing case management plan, preparing for and attending the initial conference, preparing a motion for conditional collective certification, preparing Plaintiff's discovery requests, preparing Plaintiff's discovery production, reviewing Defendants' discovery production, preparing a letter motion regarding a discovery dispute, preparing for and defending Plaintiff's deposition, preparing for and attending mediation, negotiating settlement with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission. The legal fees of $4,500.00 will be allocated to Plaintiff's counsel representing the portion of hours spent in related to Plaintiff's wage and hour claims, which the parties believe is fair and reasonable.

Therefore, the parties respectfully request that this Court approve the settlement agreement as fair and reasonable. We thank Your Honor for considering this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

Encl.